Julia Jubinville, Adm'x
vs.                           } No.1505
Edward C. Quinn

December 24, 1925

SUMNER, J. Plaintiff administratrix has brought suit to recover damages for the death of her husband resulting from an automobile accident. The jury brought in a verdict for the defendant an dplaintiff has filed a motion for a new trial.

According to the plaintiff's witnesses, the decedent, Mr. Jubinville, was walking along on the extreme left side of Elmwood avenue. A few seconds after, a crash was heard and the car of the defendant, apparently about to pass a car in front of it and on the right, was seen running over the decedent's body on the extreme left of the road (off or partly off of the macadam), and the decedent's body was later found on that same side of the road.

The defendant's story is that the decedent went across the road over to a car parked on the right side, then came back and stepped in his

path. He claims he was driving in the middle of the road and that his right mudguard hit the decedent; that the decedent was about three-fourths across the road when he struck him. He admits that he was going at from 20 to 25 miles an hour.

His witnesses were all passengers in his car and one of them, Martin, worked under him in the factory. Two of the defendant's witnesses substantially agree with him, but the story of one of them, La Rose, is materially different and a careful examination of it would seem to corroborate the claim of the plaintiff in some important details.

According to Ammond, one of the plaintiff's witnesses, Quinn had passed the car he was riding in shortly before the accident, going at a speed of from 30 to 35 miles an hour. It would seem that Quinn had nearly overtaken Hanmoer's car in which Murdock and Hanmoer were riding, and was trying to pass it at the time of the accident. Murdock and Hanmoer say he was 15 or 20 feet behind it. One Jennings had stopped his car on the extreme right of the road and was waiting to pick up Jubinville, and Hanmoer and Murdock say they were nearly opposite Jennings's car, or just behind it, when they looked back and saw the accident.

Undoubtedly Jubinville, a few seconds before the accident, was walking on the extreme left hand side of the road, and if we accept the testimony of Murdock and Hanmoer, within the time that it took their car to go a distance of about 75 feet, the accident occurred. If we believe that, the only reasonable explanation of the accident on the part of the defendant would be that the decedent ran across the street and then stepped back for some unknown reason in the path of the Quinn car. Murdock, an unusually intelligent witness, testified to see-

ing the body of the decedent rolled about ten feet, and Hanmoer says that it was turned over and over by Quinn's car. Murdock also said that Quinn's radiator was dimpled on the left side, that the left front wheel of Quinn's car ran over Jubinville, and that then Quinn's car ran up on the bank on that side of the road eight or ten feet from the macadam beyond the Hanmoer car. Murdock further said that when Quinn came back after the accident, he was in a frenzy and said: "Where did he come from any how?"

It seems probable that Quinn, who was going very fast, was watching the Hanmoer car ahead so closely that he did not see Jubinville till it was too late, and when he did see him and blew his horn, Jubinville, unable to escape, stepped helplessly into his path. Jennings, one of the plaintiff's witnesses, stated in direct examination that Jubinville's body was off of the road on the left side, and in cross-examination that it was two or three feet to the left of the center of the macadam.

The court made a note of the fact that the jury were out just 14 minutes, showing how little discussion there was of the evidence.

It may be that Jubinville had started to cross the road, but if he did so, he did not get far beyond the edge of the macadam, he was in plain sight of the defendant all the time, and there is no testimony that he actually ran.

The court feels that the jury did not do substantial justice to the plaintiff and accordingly grants the plaintiff's motion for a new trial.

For Plaintiff: Fitzgerald & Higgins.

For Defendant: Quinn, Kernan & Quinn.